UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT HILL,

                                    Plaintiff,

                                                                 DECISION AND ORDER

                                                                  06-CV-6043L

                            v.

DONALD SELSKY,
G.E. WILCOX,

                                    Defendants.
_____

       Plaintiff, Robert Hill, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights were violated in a number of respects in connection with a disciplinary proceeding against him in May 2003 at Southport Correctional Facility ("Southport"). Defendants Donald Selsky and G. E. Wilcox, who at all relevant times were respectively the Director of the Special Housing Unit ("SHU") and a Captain at Southport, have moved for summary judgment.

## FACTUAL BACKGROUND

       On May 1, 2003, Hill was issued a misbehavior report charging him with refusing to submit an unadulterated urine sample for a drug test. A disciplinary hearing on the charge was held on May 15 before Captain Wilcox.

At the hearing, Hill sought to call as witnesses two other inmates, F. Scruggs and H. Perez, who had previously indicated to Hill's inmate legal assistant their willingness to testify at the hearing. Wilcox sent an officer to retrieve Perez, but the officer returned without him, stating that Perez was refusing to testify. Dkt. #17-2 at 84.

Wilcox then sent the officer and a sergeant back to Perez's cell for another attempt to get Perez to come and testify, and if he again refused, to try to elicit a reason from him for his refusal, and to have Perez sign a form indicating his refusal. *Id.*

The officer and the sergeant again returned without Perez, stating that he had "refused to acknowledge" the sergeant's request to come to the hearing and testify, and that Perez "just shook his head and said no. Just no, no, no. That was it." *Id.* at 86. The sergeant stated that Perez also "refused at all to sign" the refusal-to-testify form. *Id.*

Essentially the same thing happened with inmate Scruggs. A different officer was sent to get Scruggs, but the officer returned and said that Scruggs "refused to come down and testify." *Id.* at 87. Wilcox again sent a sergeant with that officer back to Scruggs's cell, but when they returned, the sergeant stated that Scruggs had "said 'I do not wish to come out,'" that Scruggs "would not give [the sergeant] any reason," and that he "refused to come out and he refused to sign the slip of paper." *Id.* at 88.

The hearing proceeded without Perez's or Scrugg's testimony. At the conclusion of the hearing, Wilcox found Hill guilty of the charges against him, and sentenced him to twelve months in SHU. Dkt. #17-3 at 49. On administrative appeal, Selsky affirmed the finding of guilt, but modified the sentence to six months in SHU. *Id.* at 77.

Hill then brought an Article 78 proceeding in state court. The state court granted the petition, and the Appellate Division affirmed, stating that pursuant to state regulations, "[w]hen an inmate

witness previously agreed to testify, but later refuses to do so without giving a reason, ... the hearing officer is required to personally ascertain the reason for the inmate's unwillingness to testify." *Hill v. Selsky*, 19 A.D.3d 64, 67 (3$^d$ Dep't 2005). The court stated that "the Hearing Officer was obliged to personally interview the potential witnesses to try to determine what caused them to change their minds," and that Hill's "right to call witnesses was not adequately protected by third-person interviews because the Hearing Officer lacked the opportunity to judge the authenticity of the witnesses' refusals." *Id.* The Appellate Division therefore affirmed the lower court's order ordering expungement from Hill's record of all references to the disciplinary proceeding, and restoration of lost good time. *Id.* at 67-68.

Hill then brought this action under § 1983, alleging that Wilcox's failure to personally interview Perez and Scruggs concerning their refusal to testify, and his reliance on other staff members' representations in that regard, violated Hill's constitutional rights to due process and equal protection. Hill also alleges that Selsky participated in this violation by affirming Wilcox's finding of guilt.

**DISCUSSION**

Although a New York inmate has a due process right to call witnesses, see N.Y.C.R.R. § 254.5(b), that right is not absolute. *See Ponte v. Real*, 471 U.S. 491, 495 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). A prisoner's right to call witnesses is available only "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. Prison officials must be accorded the discretion necessary to keep a hearing within reasonable limits and to refuse to call witnesses when summoning them may create a risk of reprisal or undermine authority. *Id.* A hearing officer may also refuse to call a witness "on the basis

- 3 -

of irrelevance or lack of necessity." *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 (2$^d$ Cir. 1991); *see also Scott v. Kelly*, 962 F.2d 145, 146-47 (2$^d$ Cir. 1992) ("It is well settled that an official may refuse to call witnesses as long as the refusal is justifiable"). In addition, "prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify ... ." *Ponte*, 471 U.S. at 497. They need not give a detailed explanation, however, and "may do so ... by making the explanation a part of the 'administrative record' in the disciplinary proceeding ... ." *Id.*

In a case nearly on all fours with this one, *Shell v. Brzezniak*, 365 F.Supp.2d 362 (W.D.N.Y. 2005), this Court rejected an inmate's claim that his due process rights were violated when a hearing officer failed to speak with two inmate witnesses personally to inquire into their reasons for refusing to testify at the plaintiff's hearing. In so doing, the Court noted that "a hearing officer may preclude plaintiff from calling a witness ... if there is a lack of necessity for calling the witness, for instance where the testimony would be cumulative or if the witness refuses to testify." *Id.* at 377 (citing *Wolff*, 418 U.S. at 567; *Walker v. McClellan*, 126 F.3d 127, 130 (2$^d$ Cir. 1997)). I also noted that "[t]he Second Circuit has recognized that 'if a witness will not testify if called, it cannot be a "necessity" to call him.'" *Id.* (quoting *Silva v. Casey*, 992 F.2d 20, 22 (2$^d$ Cir. 1993)).

Hill attempts to distinguish *Shell* on the ground that in that case, the other inmates had signed forms indicating their refusal to testify, whereas in the case at bar the sergeant reported that Perez and Scruggs had refused to sign such forms. That is a distinction without a difference. Having been told that the inmates were refusing to testify, Wilcox could reasonably have concluded that it would have been futile to call them, and his failure to do so or to go to their cells and interview them himself did not give rise to a constitutional violation, regardless of whether Wilcox had been given signed refusal forms from those inmates. *See Silva*, 992 F.2d at 22 ("if a prison official, presiding

over a prison disciplinary hearing, reasonably concludes that it would be futile to call a witness to testify, his refusal to do so will not constitute a violation of the prisoner's constitutional rights").

The state courts' ruling in Hill's favor also does not support plaintiff's § 1983 claim here. For one thing, "[f]ederal constitutional standards rather than state law define the requirements of procedural due process." *Shell*, 365 F.Supp.2d at 376 (quoting *Russell v. Coughlin*, 910 F.2d 75, 78 (2$^d$ Cir. 1990)). Under the circumstances, Wilcox's actions satisfied those requirements. *Silva*, 992 F.2d at 22.

In addition, even if plaintiff's constitutional rights were violated, defendants would be entitled to summary judgment on the ground of qualified immunity. To establish qualified immunity, a defendant must show "either '(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law.'" *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 250 (2$^d$ Cir. 2001) (quoting *Salim v. Proulx*, 93 F.3d 86, 89 (2$^d$ Cir. 1996)).

Although the Appellate Division in this case stated that "[w]hen an inmate witness previously agreed to testify, but later refuses to do so without giving a reason, we have consistently held that the hearing officer is required to personally ascertain the reason for the inmate's unwillingness to testify," 19 A.D.3d at 67 (citations omitted), the Supreme Court of the United States has held that the existence of qualified immunity does not depend on whether the right in question was clearly established under *state* law, but on whether the *federal* right giving rise to the claim was clearly established at the time of the alleged violation. *Elder v. Holloway*, 510 U.S. 510, 515 (1994); *Davis v. Scherer*, 468 U.S. 183, 193-96 (1984); *see also We Buy, Inc. v. Town of Clarkstown State of New York*, No. 06 Civ. 1794, 2006 WL 3016314, at *10 (S.D.N.Y. Oct. 20, 2006) ("an officer's violation of clearly established state law is not enough to overcome qualified

immunity in a § 1983 suit. To overcome qualified immunity the plaintiff must show that the very law whose violation forms the basis of the federal action was clearly established") (citing *Davis*, 468 U.S. at 194-95 & n. 12). Plaintiff has failed to show that at the time of the events in question, there was a clearly established federal constitutional right to have a hearing officer personally interview an inmate concerning his refusal to testify under the circumstances that existed here.[1]

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #16) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 7, 2007.

---

[1] I am also not convinced that the right to have the hearing officer personally interview a potential witness under the circumstances here was as clearly established under state law as the Appellate Division suggested. *See, e.g.*, *Matos v. Goord*, 293 A.D.2d 855, 856 (3d Dep't 2002) ("The Hearing Officer was not required to personally ascertain the reason for a certain inmate witness's refusal to testify, having instead made sufficient inquiry into the facts surrounding the refusal through two correction officers"). Although the court in *Hill* distinguished *Matos* on the ground that the potential witness in *Matos* had not previously agreed to testify, that is not apparent from the decision in *Matos*, and a hearing officer in Wilcox's position could reasonably have interpreted *Matos* to have stated a principle of more general applicability.